UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| THOMAS W. HILL, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No: 10-241-GFVT |
| | ) | |
| V. | ) | |
| | ) | **MEMORANDUM OPINION** |
| STATE FARM MUTUAL | ) | **&** |
| AUTOMOBILE INSURANCE CO., | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |

*** *** *** ***

In November of 2007, Thomas W. Hill and Tiffany Farmer were involved in an automobile accident on Kentucky Highway 3041 in Knox County, Kentucky. State Farm Mutual Automobile Insurance Company insures both. State Farm and Hill agree that the insurance policy puts a time limit on bringing certain legal claims. Since that time expired before the Complaint was filed in this case, State Farm believes that Summary Judgment is in order. It is correct, and for the reasons that follow, State Farm's Motion for Summary Judgment [R. 31] will be GRANTED.

**I**

This matter was trifurcated into three distinct actions consisting of a declaratory judgment action concerning the application of the contractual limitation period contained in the underinsured motorist policy; an underinsured motorist policy claim (UIM claim); and a bad faith claim. [R. 10, at 1.] State Farm's pending motion pertains only to the declaratory judgment action and the UIM claim. [R. 31-1, at 2.]

After the accident, Hill filed a bodily liability injury claim against Farmer under her insurance policy. [*Id.*] State Farm Claim Representative Travis Millsaps managed that claim. [*Id.*] Hill also opened a personal injury claim (PIP claim) under his own State Farm policy. [R. 31-1, at 3.] He received payments from this claim through January 30, 2008.

On August 31, 2009, Hill filed a civil suit against Farmer in Whitley County Circuit Court, [R. 1-1] and on September 10, 2009, Dwight Dunn, who had taken over management of the liability claim from Millsaps, requested a 90-day extension to answer the Complaint against Farmer. [R. 31-1, at 4; R. 31-10.] Graham Trimble, counsel for Hill, agreed to Dunn's request. [R. 31-11.] During the discussions leading up to the granting of the extension agreement, it was contemplated that Hill would be allowed to submit a joint demand package on both the liability and UIM claim within the same 90-day period.[1] [R. 30, at 13-20; R. 34, at 4.]

On December 15, 2009, another 90-day extension was agreed to by both parties allowing Hill more time to submit his joint demand package and allowing State Farm more time to answer the Complaint. [R. 31-1, at 6; R. 33, at 15-16.] Significantly, it is this extension that exceeds the deadline presently in dispute. On February 18, 2010, the demand package was submitted and Hill sought the full amount of liability coverage ($25,000) provided under Farmer's policy and the full amount of UIM coverage ($50,000.00) provided under his own policy. [R. 33, at 4.] On March 3, 2010, State Farm offered the full $25,000.00 available under Farmer's policy, [R. 33, at 4] but a month later, Mark Blasingim, who was assigned management of the UIM claim, informed Hill that his UIM demand had been denied. [R. 31-1, at 3, 8; R. 33, at 4.] According to State

---

[1] State Farm stipulates to this recounting of the facts for purposes of its Motion. [R. 34, at 2.]

2

Farm, the claim was denied because of the expiration of the limitations period that ended on January 30, 2010. [R. 31-1, at 3.] Two days later, Hill filed an Amended Complaint in Knox Circuit Court adding State Farm as a party because of the denial of UIM benefits. [*Id.*; R. 1-1, at 4.]

On April 7, Hill filed his First Amended Complaint, and under Count II states that he is entitled to a declaratory judgment pursuant to K.R.S. § 418.040 *et seq*. He requests a declaration "that the subject policy was in effect on the date at the time of the subject accident and that the Plaintiff's entitled to uninsured motorists coverage, underinsured, and other applicable coverages under said policy." [R. 1-1, at 8.] After the $25,000.00 available under Farmer's police was paid to Hill, Farmer was dismissed and in August of 2010, this case was remanded to federal court. Upon Farmer's dismissal, there was complete diversity between the remaining parties, State Farm and Hill. State Farm now wants the Court to find that Hill's UIM claim is time barred based on the limitations provision within the policy it issued to him.

## II

### A

Hill requests declaratory judgment pursuant to KRS § 418.040 as to the extent of coverage he receives under the UIM policy. KRS § 418.040 provides that "[i]n any action in a court of record of this Commonwealth having general jurisdiction wherein it is made to appear that an actual controversy exists, the plaintiff may ask for a declaration of rights ... and the court may make a binding declaration of rights." A similar procedural rule exists in federal court and is referred to as the Declaratory Judgment Act, 18 U.S.C. § 2201(a). It states, in relevant part, that upon the filing of an appropriate pleading, a

district court "may declare rights and other legal relations of any interested party." 28 U.S.C. § 2201(a). Under this rubric, district courts should consider five factors in deciding whether to exercise jurisdiction over a declaratory judgment action. *Nationwide Mut.Fire Ins. Co. v. Creech*, 431 F.Supp.2d 710, 712-13 (E.D. Ky. 2006).

This analysis, however, need not be undertaken if State Farm is entitled to summary judgment. To state it more plainly, if the Court finds that the limitations deadline within the insurance policy does apply and precludes Hill from asserting his UIM claim, then there is no reason to entertain declaratory judgment under state or federal law. Thus, summary judgment is appropriate where "the pleadings, discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2); *Celotex Corp. v. Catrett,* 477 U.S. 317, 323-25 (1986). "A genuine dispute exists on a material fact, and thus summary judgment is improper, if the evidence shows 'that a reasonable jury could return a verdict for the nonmoving party.'" *Olinger v. Corp. of the President of the Church*, 521 F. Supp. 2d 577, 582 (E.D. Ky. 2007) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)). Stated otherwise, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252.

The moving party has the initial burden of demonstrating the basis for its motion and identifying those parts of the record that establish the absence of a genuine issue of material fact. *Chao v. Hall Holding Co., Inc.*, 285 F.3d 415, 424 (6th Cir. 2002). The movant may satisfy its burden by showing "that there is an absence of evidence to

4

support the non-moving party's case." *Celotex Corp.*, 477 U.S. at 325.

Once the movant has satisfied this burden, the non-moving party must go beyond the pleadings and come forward with specific facts to demonstrate there is a genuine issue. *Hall Holding*, 285 F.3d at 424 (citing *Celotex*, 477 U.S. at 324). Moreover, "the nonmoving party must do more than show there is some metaphysical doubt as to the material fact. It must present significant probative evidence in support of its opposition to the motion for summary judgment." *Hall Holding*, 285 F.3d at 424 (internal citations omitted).

Finally, the trial court is under no duty to "search the entire record to establish that it is bereft of a genuine issue of material fact," and "the nonmoving party has an affirmative duty to direct the court's attention to those specific portions of the record upon which it seeks to rely to create a genuine issue of material fact." *In re Morris*, 260 F.3d 654, 655 (6th Cir. 2001). In applying the summary judgment standard, the Court must review the facts and draw all reasonable inferences in favor of the non-moving party. *Logan v. Denny's, Inc.*, 259 F.3d 558, 566 (6th Cir. 2001) (citing *Liberty Lobby*, 477 U.S. at 255).

**B**

**1**

State Farm alleges that Hill's Amended Complaint as it relates to the UIM benefits claim is "barred based upon the clear and unambiguous policy language of the State Farm policy and its contractual limitations clause."[2] [R. 31, at 3.] That limitations

---

[2] State Farm tries to anticipate issues it believes Hill will raise in his response to its Motion. State Farm avers that Hill will challenge its defense by attacking "[t]he enforceability of the State Farm contractual limitation clause," by arguing that the amended complaint relates back to the filing date of the original complaint, and finally, by making "claims of misrepresentations, waiver or estoppel precluding the

provision, referred to in State Farm's brief as "endorsement 612GP," provides that "[t]here is no right of action against [State Farm]" under an UIM claim "unless such action is commenced not later than two (2) years after the injury, or death, or the last basic or added reparation payment made by any reparation obligor, whichever later occurs." [R. 31-18, at 2.] Applying the provision to Hill's claim, for any action to be timely, he would have needed to file suit no later than two years after the last payment of PIP benefits. According to State Farm, he received those payments through January 30, 2008.[3] [R. 31-1, at 3.] Hence, the UIM contractual limitations period expired on January 30, 2010.

In Kentucky, the law mandates that actions based on written contracts be "commenced within fifteen (15) years after the cause of action first accrued." KRS § 413.090(2). The Commonwealth, however, allows insurance companies to reduce the contractual limitations period, if it is reasonable. *Smith v. Allstate Ins. Co.*, 403 F.3d 401, 404 (6th Cir. 2005) ("Contract provisions limiting the time within which an insured may sue are generally valid under Kentucky law") (citing *Edmondson v. Pennsylvania National Mutual Casualty Insurance Co.,* 781 S.W.2d 753, 756 (Ky.1989); *Webb v. Kentucky Farm Bureau Insurance Co.,* 577 S.W.2d 17, 18-19 (Ky.Ct.App.1978); *see also* KRS § 304.14-370 (allowing insurance companies to create their own contractual limitations period so long as it is not "less than one (1) year from the time when the cause of action accrues.")

---

application of the contractual limitation of the policy." [R. 31-1, at 11.] Besides waiver and estoppel, Hill does not raise any of the anticipated issues. Hill also makes a cursory bad faith argument, but pursuant to the Court's Order, that issue will not be addressed until resolution of the underlying claim. [R. 10, at 2.]

[3] Hill does not refute this assertion in his response. [R. 33.]

6

Endorsement 612GP mirrors the statutory limitations period written under the Kentucky Motor Vehicle Reparations Act (the KMVRA). The KMVRA provides that a tort liability action "may be commenced not later than (2) years after the injury or the death, or the last basic or added reparation payment made by a reparation obligor, whichever later occurs" assuming liability has not been abolished by another KRS provision. KRS § 304.39-230(6).

Additionally, the Sixth Circuit Court has upheld the enforceability of similar provisions that track the language of the KMVRA. *See Pike v. Government Employees Ins. Co.*, 174 Fed. App'x. 311 (6th Cir. 2006) (unpublished opinion) ("Because the policy limitation does not conflict with the period of time prescribed by Kentucky law for filing a personal injury claim arising from a motor vehicle accident, we conclude that it is reasonable, and enforceable.")

Hill contends that the *Pike* ruling is not instructive here because the "reasonableness of the contractually shortened limitation contained within State Farm's underinsurance policy" at issue in *Pike*, is not at issue here. [R. 33, at 7.] He claims that what is at issue is State Farm's conduct in the handling of his claim. [*Id.* at 8.] Hill's point is well taken, and the Court will consider the conduct of State Farm in the course of this analysis. Nevertheless, this Circuit's enforcement of such provisions in the past is worth noting for purposes of this analysis.

**2**

Hill contends that State Farm is not entitled to summary judgment because there are genuine issues of material fact as to whether State Farm is entitled to application of the policy limitations provision. Specifically, he argues that this summary judgment

motion must fail because "in the discussion regarding liability and [the UIM] claim, no objection was made by State Farm to the submission of one settlement demand regarding claims under both the liability policy and the underinsurance coverage." [R. 33, at 9.] To aptly summarize Hill's position, because State Farm, through its representative Dunn, did not object to accepting a joint settlement demand package, it waived the limitations period. [*Id.*]

After reviewing the record, the Court finds Hill's argument unpersuasive. In Kentucky, "[w]aiver is bottomed on a voluntary and intentional relinquishment of a known, existing right or power under the terms of an insurance contract." *Smith v. Allstate Ins. Co.*, 403 F.3d 401, 406-07 (6th Cir. 2005) (quoting *Edmondson,* 781 S.W.2d at 755 (internal quotation marks omitted)).

The Kentucky Supreme Court dealt with a waiver of a limitations provision issue in *Edmondson v. Pennsylvania Nat. Mut. Cas. Ins. Co.*, 781 S.W.2d 753 (Ky. 1989). In rendering its decision, the court remarked that it agreed with a specific premise set forth by the Supreme Court of New Mexico in *Peoples State Bank v. Ohio Casualty Insurance Company*, 635 P.2d 306 (N.M. 1981). Therein, the New Mexico Supreme Court explained:

> The acts and conduct generally held to constitute a waiver [sic, estoppel] of a time-to-sue provision are those acts which would lull the insured into reasonably believing that its claim would be settled without suit [case cited], or which would render enforcement of a limitations defense unjust, inequitable or unconscionable.

*Edmondson*, 781 S.W.2d at 757 (citing *Peoples¸* 635 P.2d at 307-08).

Here, there is no evidence proffered by Hill supporting the argument that State Farm either voluntarily and intentionally relinquished a known right, *Smith*, 403 F.3d at 406-07, or that Hill was lulled into believing that his claim would be settled without suit,

8

*Peoples¸* 635 P.2d at 307-08. He does, however, claim that not only did the *Edmonson* court agree with the quoted language from *Peoples*, it also adopted the entire reasoning of the *Peoples*' court. [R. 33, at 10.] Therefore, he believes that this Court should adhere to and adopt the principles espoused therein. For instance, the *Peoples*' court held that "waiver may be accomplished by slight acts and circumstances" and that "[i]n making the determination on whether an agent of an insurance company could waive the time-to-sue provision in the policy" is an issue for the jury to decide. [*Id.* at 9-10.]

This Court's reading of *Edmonson* leads it to draw a different conclusion regarding its embrace of *Peoples*'. The *Edmonson* court did not adopt the full reasoning of that case. Rather, the *Edmonson* court's remarks were reserved specifically for the quoted language and does not extend beyond approval of the quoted language. *See Edmonson*, 781 S.W.2d at 757. Therefore, reliance on the *Peoples*' rationale is not required here.

He also opines that "it is clear from the record, that there is conflicting testimony on whether State Farm waived its contractual provision limiting any suit against it." This argument, however, is hurt by his own counsel's statements while being deposed. There, Trimble noted that the UIM limitation provision was not discussed prior to April 5, 2010, the day Blasingim advised Trimble that Hill's UIM claim would be denied because it was barred by the limitations provision. [R. 30, at 82-83.] If, as Trimble says, there was no discussion regarding the limitations provision before April 5, 2010, it is hard for Hill to argue credibly that he had any expectation that State Farm would waive the provision.

Hill makes abundantly clear that he believes that the submission of a joint demand package and subsequent review two months after his claim for UIM benefits was barred

9

by the limitations provision establishes that State Farm waived its right to application of the limitations provision. [R. 33, at 10.] The fact that State Farm denied the UIM claim after January 30, 2010, the date by which Hill had to bring suit pursuant to the UIM limitations provision, does not establish that State Farm or its agents waived the provision, especially in light of KRS § 304.14-28(3). That section provides:

> Without limitation of any right or defense of an insurer otherwise, none of the following acts by or on behalf of an insurer shall be deemed to constitute a waiver of any provision of a policy or of any defense of the insurer thereunder:
>
> 1)   Acknowledgment of the receipt of notice of loss or claim under the policy;
>
> 2)   Furnishing forms for reporting a loss or claim, for giving information relative thereto, or for making proof of loss, or receiving or acknowledging receipt of any such forms or proofs completed or uncompleted;
>
> 3)   Investigating any loss or claim under any policy or engaging in negotiations looking toward a possible settlement of any such loss or claim;
>
> 4)  Making advance or partial payments under insurance policies as an accommodation to or on behalf of any person suffering injury, loss or damage, and any such payment, shall be credited to the final settlement or judgment.

KRS § 304.14-28. Any communication between Hill and agents of State Farm constituted negotiations with an eye towards a possible settlement. The negotiation process is covered under section 304.14-28, and thus does not amount to a waiver.

Further, Kentucky courts have generally ruled against plaintiffs in analogous contexts who argue that they were deceived into believing that the adverse party would toll or waive the limitations period. *See Pospisil v. Miller*, 343 S.W.2d 392, 394 (Ky.Ct.App. 1961) (where the court asserted that the plaintiff "was and is presumed to know that her action would be barred in one year by the statute of limitations. The

10

insurance adjuster was her adversary and she had no right to rely upon his representations of this nature."); *Burke v. Blair*, 349 S.W.2d 836, (Ky.Ct.App. 1961) (where court rejected tolling the statute of limitations even though plaintiff was given assurances by opposing party's counsel's that the matter would be settled.); *Jackson v. Jackson*, 313 S.W.2d 868, 869 (Ky.Ct.App. 1958) (where the court rejected an argument by plaintiff who sought to avoid the consequences of the applicable limitations period by claiming that the conduct of the insurer led her to the ignore it).

In light of Kentucky's statutory and case law regarding an insurance company's waiver of its policy rights, "it is textbook law that a waiver must be intentional." *See Edmondson*, 781 S.W.2d at 756; *see also* KRS § 304.14-280(3). Absent probative evidence supporting Hill's waiver argument, it must fail. *Hall Holding*, 285 F.3d at 424 (internal citations omitted).

**3**

Next, Hill argues that if "State Farm's conduct did not amount to waiver of the limitations defense, it certainly should be estopped from relying upon it." [R. 33, at 11.] More specifically, he asserts that "[w]hether the conduct of State Farm's agents, in particular, [] Dunn, by his action or intention should be estopped from relying upon their limitation defense is a question for the jury." This argument is also unpersuasive.

"Estoppel gives no effect to a presumed intention, but defeats inequitable conduct. It offsets misleading conduct, acts, or representations which have induced a person entitled to rely thereon to change his position to his detriment." *Edmondson*, 781 S.W.2d at 755. To prove estoppel, a party must show:

> (1) Conduct, including acts, language and silence, amounting to a representation or concealment of material facts; (2) the estopped party is aware of these facts; (3)

11

> these facts are unknown to the other party; (4) the estopped party must act with
> the intention or expectation his conduct will be acted upon; and (5) the other party
> in fact relied upon this conduct to his detriment.

*Howard v. Motorists Mut. Ins. Co.*, 955 S.W.2d 525, 527 (Ky. 1997).

Hill has failed to establish these elements to survive summary judgment. In his Amended Complaint, Hill alleges that State Farm's claim representatives, Dunn and Millsaps, "knowingly, recklessly, intentionally and willfully represented to [Hill] that [his] claim for [UIM] benefits would be processed pending the evaluation of [Hill's] liability claim with State Farm," [R. 1-1, at 11] but neither Hill's filings nor the record establishes State Farm in anyway represented or concealed material facts, specifically the running of the UIM limitations provision.

Particularly damaging to this argument is the fact that Trimble was aware of the limitations provision. Trimble acknowledged in his deposition testimony that he was aware of the provision at the time he filed his original complaint against Farmer. [R. 30, at 24, 53-55.] According to both parties, the UIM limitations provision was never mentioned during discussions between Trimble, [R. 30, at 82-83] and State Farm, [R. 31-1, at 22]. Without any conversations related to the provision, neither Hill nor Trimble should have expected State Farm to waive it.

Hill also asserts that "[w]hether State Farm may avail themselves of the limitations defense requires the resolution of dispute concerning the state of mind of agents for both the Plaintiff and the Defendant and conflicting interpretations of perceived events." [R. 33, at 10.] Hill cites to a Second Circuit case, *Schmidt v. McKay*, 555 F.2d 30 (2d Cir. 1977), to support his proposition. That case is distinguishable, however, because the proposition proffered by Hill from that case relates to the state of

12

mind in a fraud claim under New York law. This Court will not debate the merits of fraud claims under New York law. Consequently, application of *Schmidt* to this matter is not appropriate, and his estoppel argument fails.

## C

Ultimately, the Court's decision to grant summary judgment rests on Hill's inability to effectively respond to State Farm's UIM limitations defense. Hill relies on general assertions to support his claims and defend against State Farm's use of the limitations provision. But to defeat summary judgment, the non-movant must present affirmative evidence to support its position; a mere "scintilla of evidence" is insufficient. *Bell v. Ohio State Univ.*, 351 F.3d 240, 247 (6th Cir. 2003) (quoting *Anderson*, 477 U.S. at 252). With ample deposition testimony, statutory law, and case law, State Farm met its burden of "showing conclusively that no genuine issue of material fact exists" regarding the use of the limitations provision. *Williams v. Bureau of* Prisons, 2009 WL 2136265, n. 2, *2 (E.D.Ky. 2009) (citing *Keeneland Ass'n, Inc. v. Earnes*, 830 F.Supp. 974, 983 (E.D.Ky. 1993). Hill, on the other hand, did not come forward with specific facts to support his claim or cast doubt on State Farm's use of the limitations defense. *Celotex*, 477 U.S. at 324. Based on the record before the Court, a reasonable jury would be unable to return a verdict for Hill, the nonmoving party.

## III

Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** that State Farm's Motion for Summary Judgment [R. 31] with respect to the declaratory judgment action and the UIM claim set forth in Hill's Complaint is **GRANTED**.

This 29th day of March, 2013.



Signed By:

*Gregory F. Van Tatenhove*

United States District Judge