UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| THOMAS W. HILL, | ) | |
| | ) | Civil No: 10-241-GFVT |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | |
| | ) | **MEMORANDUM OPINION** |
| STATE FARM MUTUAL | ) | **&** |
| AUTOMOBILE INSURANCE CO., | ) | **ORDER** |
| | ) | |
| Defendant. | | |

*** *** *** ***

This matter is before the Court on Plaintiff Thomas Hill's motion to alter, amend or

vacate judgment. [R. 51.]  Pursuant to Fed. R. Civ. P. 59 & 60, Hill asks the Court to reconsider

its prior order granting summary judgment in this case. [R. 50.]

**I**

In November of 2007, Thomas W. Hill and Tiffany Farmer were in an automobile

accident on Highway 3041 in Knox County, Kentucky.  State Farm insured both.  After the

accident, Hill filed a bodily liability injury claim against Farmer's insurance. [R. 31-1 at 2.]

State Farm Claim Representative Travis Millsaps managed that claim. [*Id.*]  Hill also opened a

personal injury protection (PIP) claim under his own State Farm policy. [*Id.* at 2-3.]  He received

payments from this claim through January 30, 2008.  [*Id.* at 3.]  On August 31, 2009, Hill filed a

civil suit against Farmer in Whitley County Circuit Court, [R. 1-1] and on September 10, Dwight

Dunn, who had taken over management of the liability claim from Millsaps, requested a 90-day

extension to answer the Complaint against Farmer.  [R. 31-1 at 5; R. 31-10.]  Graham Trimble,

counsel for Hill, agreed to Dunn's request.  [R. 31-1 at 5; R. 31-11.]  During the discussions

leading up to the granting of the extension agreement, it was contemplated that Hill would be

allowed to submit a joint demand package on both the liability and Underinsured Motorist (UIM) claim within the same 90-day period. [R. 30 at 13-20; R. 34 at 4.] On December 15, 2009, another 90-day extension was agreed to by both parties allowing Hill more time to submit his joint demand package and allowing State Farm more time to answer the Complaint. [R. 31-1 at 6; R. 33 at 15-16.] On February 18, 2010, the demand package was submitted and Hill sought the full amount of liability coverage ($25,000) provided under Farmer's policy and the full amount of UIM coverage ($50,000) provided under his own policy. [R. 33 at 4.] On March 3, State Farm offered the full $25,000 available under Farmer's policy. [R. 33 at 4.] On March 9, Mark Blasingim, who was assigned management of the UIM claim, notified Hill that his UIM demand had been denied. [R. 31-1 at 3, 8; R. 33 at 4.] This was confirmed in writing on April 6. [R. 31-1 at 8.] According to State Farm, the claim was denied because of the expiration of the limitations period that ended on January 30, 2010. [R. 31-1 at 3.] Two days later, Hill filed an amended complaint in Knox Circuit Court adding State Farm as a party because of the denial of UIM benefits. [R. 1-1 at 4.]

On April 7, Hill filed his first amended complaint, asserting he is entitled to a declaratory judgment pursuant to K.R.S. § 418.040 *et seq*. He requested a declaration "that the subject policy was in effect on the date at the time of the subject accident and that the Plaintiff's entitled to uninsured motorists coverage, underinsured, and other applicable coverage under said policy." [R. 1-1 at 8.] After the $25,000 available under Farmers' policy was paid to Hill, Farmer was dismissed and in August 2010, this case was removed to Federal Court.

On May 29, 2012, State Farm filed a motion for summary judgment alleging that Hill's complaint against State Farm was filed after the expiration of the contractual period of

limitations provided in his policy of insurance.[1]  [R. 31.]  On March 29, 2013, this Court issued a

Memorandum Opinion and Order, granting State Farm's motion for summary judgment as to the

declaratory judgment action and the UIM claim.  [R. 50.]  On April 24, Plaintiff filed this motion

to alter, amend or vacate judgment.  Pursuant to Fed. R. Civ. P. 59 & 60, Hill wants the Court to

reconsider its prior order granting summary judgment.  [R. 50.]  On September 4, Hill filed a

motion for leave to supplement authority in support of Plaintiff's motion.  [R. 54.]

## II

### A

"With regard to [a] Rule 59 motion to alter or amend, such a motion may be granted if

there was '(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in

controlling law; or (4) a need to prevent manifest injustice.'" *Culver v. CCL Label, Inc.*, 455 Fed.

Appx. 625, 631 (6th Cir. 2012) (quoting *Intera Corp. v. Henderson,* 428 F.3d 605, 620 (6th Cir.

2005)).  But, "[a] motion under Rule 59(e) is not an opportunity to re-argue a case." *Sault Ste.*

*Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998) (citing *FDIC v.*

*World Univ. Inc.,* 978 F.2d 10, 16 (1st Cir.1992)).  Furthermore, "under Rule 59(e), parties

cannot use a motion for reconsideration to raise new legal arguments that could have been raised

before a judgment was issued."  *Roger Miller Music, Inc. v. Sony/ATV Publ'g, LLC*, 477 F.3d

383, 395 (6th Cir. 2007) (citing *Sault Ste. Marie Tribe of Chippewa Indians v. Engler,* 146 F.3d

367, 374 (6th Cir. 1998)).  A motion for reconsideration is not a vehicle to re-hash old

arguments, or to proffer new arguments or evidence that the movant could have presented earlier.

*See Smith v. Mt. Pleasant Pub. Schs.*, 298 F. Supp. 2d 636, 637 (E.D. Mich. 2003) (citing *Sault*

---

[1] As explained in this Court's summary judgment Order, this matter was trifurcated into (1) a declaratory judgment action concerning the application of the contractual limitation period, (2) an underinsured motorist policy claim (UIM claim) and (3) a bad faith claim.  The summary judgment Order addressed only to the declaratory judgment action and the UIM claim.

*Ste. Marie Tribe v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)); *see*, *e.g.*, *Prater v. Con-Rail*, 272

F. Supp. 2d 706, 710 (N.D. Ohio 2003) (denying reconsideration of order excluding physician's

testimony, as movant could have presented evidence of his qualifications in opposing motion in

limine but failed to do so).

A party may also obtain relief from a prior judgment under Federal Rule 60(b) which

permits a court to relieve a party from a final judgment or order for:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence
> that, with reasonable diligence, could not have been discovered in time to move for a new
> trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic),
> misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the
> judgment has been satisfied, released or discharged; it is based on an earlier judgment
> that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). A Rule 60(b) motion may only be granted for one of the enumerated

reasons. *Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 268 (6th Cir. 1998); *Johnson v.

Unknown Dellatifa*, 357 F.3d 536, 543 (6th Cir. 2004). "[T]he party seeking relief under Rule

60(b) bears the burden of establishing the grounds for such relief by clear and convincing

evidence." *Info-Hold, Inc. v. Sound Merchandising, Inc.*, 538 F.3d 448, 454 (6th Cir. 2008)

(citing *Crehore v. United States*, 253 F. App'x 547, 549 (6th Cir. 2007)). Though courts have

considerable discretion in granting relief from judgment pursuant to Rule 60(b), a court's power

is limited by public policy favoring the finality of judgments. *See Blue Diamond Coal Co. v.

Trs. of the UMWA Combined Benefit Fund*, 249 F.3d 519, 524 (6th Cir. 2001).

**B**

Hill first argues that the Court "failed to address that Hill timely amended his Complaint

in Knox Circuit Court to assert claims against State Farm which, under Kentucky law, are timely

for the purpose of complying with the applicable statute of limitations." [R. 51-1 at 5.] Second,

he argues that the Court "mistakenly states that the Plaintiff's Counsel and the Defendant first spoke of the UIM limitation provision on April 5, 2010." [R. 51-1 at 9.] Neither of these arguments merit relief.

**1**

Hill is incorrect in asserting that the Court did not address the argument that he "timely amended his Complaint…to assert claims against State Farm" in compliance with the statute of limitations. The Court did address this argument in footnote two of its March 29, 2013 Order. [R. 50 at FN2.] In that footnote, the Court explained that State Farm had anticipated issues it believed that Hill would raise in his response, including "attacking '[t]he enforceability of the State Farm contractual limitation clause,' by arguing that the amended complaint relates back to the filing date of the original complaint." [R. 50 at FN 2, quoting R. 31.] The Court continues, in that footnote, to explain that Hill did not raise this issue. [Id.] For this reason, the Court did not address the issue in the Summary Judgment Order and declines to address the issue now. The law on summary judgment is clear about the burden placed on the nonmoving party.

> Once the movant has satisfied this [initial] burden, the non-moving party must go beyond the pleadings and come forward with specific facts to demonstrate there is a genuine issue. *Hall Holding*, 285 F.3d at 424 (citing *Celotex*, 477 U.S. at 324). Moreover, "the nonmoving party must do more than show there is some metaphysical doubt as to the material fact. It must present significant probative evidence in support of its opposition to the motion for summary judgment." *Hall Holding*, 285 F.3d at 424 (internal citations omitted). Finally, the trial court is under no duty to "search the entire record to establish that it is bereft of a genuine issue of material fact," and "the nonmoving party has an affirmative duty to direct the court's attention to those specific portions of the record upon which it seeks to rely to create a genuine issue of material fact." *In re Morris*, 260 F.3d 654, 655 (6th Cir. 2001).

[R. 50 at 6 (emphasis added).] This issue of the amended complaint was not raised in Hill's response and, for this reason, is inappropriately being raised in the context of a motion to reconsider.

Hill also argues that the Court's Order "mistakenly states that the Plaintiff's Counsel and the Defendant first spoke of the UIM  limitation provision on April 5, 2010." [R. 51-1 at 9.]  Hill directs the Court to a deposition excerpt where Attorney Trimble states that he "discussed with Mr. Dunn the circumstances of the case, both the liability portion and the underinsurance portion…". [R. 30 at 13.]  When this conversation took place is relevant because it sheds light on when State Farm was provided notice regarding Hill's intention to sue under the UIM claim and, ultimately, whether they waived the limitation provision.

First, Hill did not address what date the parties initially spoke of the limitation provision in his response to the motion for summary judgment.[2]  Instead, he argued that the limitations provision was waived based on State Farm's conduct in agreeing to accept a joint settlement demand. [R. 33-1 at 6.]  This is a fundamentally different argument than what is now being advanced.  As explained, *supra* IIA, a motion for reconsideration is not a vehicle to re-hash old arguments, or to proffer new arguments or evidence that the movant could have presented earlier. *See Smith v. Mt. Pleasant Pub. Schs*., 298 F. Supp. 2d 636, 637 (E.D. Mich. 2003) (citing *Sault Ste. Marie Tribe v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)).

Second, the Court did not err.  As was explained in the summary judgment Order, the deposition testimony of Attorney Trimble, when evaluated in context, provides that Trimble had not talked about the limitations period of the underinsured motorist policy before April 5, 2010. [See R. 50; R. 30 at 58; 77; 82-83.]  No relief is merited under Rule 60(b).

---

[2] Hill wrote that, "on or about September 10, 2009, Dwight Dunn, a representative of State Farm and the undersigned, an attorney on behalf of Thomas Hill spoke by phone regarding the underlying auto accident." [R. 33-1 at 6.]

## C

On September 4, 2013, Hill filed a motion for leave to supplement authority in support of his motion to alter, amend or vacate. [R. 54.] Hill attached *Riggs v. State Farm,* 2012-CA-000354, 2013 WL 3778143, a case rendered by the Court of Appeals on July 19, 2013. [R. 54-1.] *Riggs* raises questions about *Pike v. Government Employees Insurance Company*, 174 Fed. Appx. 311 (6th Cir. 2006), a case this Court referred to in its Summary Judgment Order. As background, the issue considered in these cases is what constitutes a reasonable contractual limitations period for the filing of UIM claims in an insurance contract. The reasonableness of the limitations provision has not, until now, been in dispute. This change in law, however, is potentially determinative as to whether Hill's suit might be able to proceed.

In *Pike*, the Sixth Circuit held that a contractual limitations period that tracked the two year limitation in the Kentucky Motor Vehicle Reparations Act ("MVRA") was reasonable. 174 Fed. Appx. 311. More recently, in *Riggs,* the Court of Appeals considered whether a two-year contractual limitation provision is reasonable and explicitly declined to follow *Pike*. *Riggs,* 2013 WL 3778143 at 4. Without addressing the merits of *Riggs* or applying this rule to the case at hand, the Court must first determine whether it is appropriate to consider this as supplemental authority.

State Farm first objects to the Court's consideration of *Riggs* because the decision is not final as it is currently being appealed to the Kentucky Supreme Court. [R. 55 at 1.] The *Riggs* case heading provides "THIS OPINION IS NOT FINAL AND SHALL NOT BE CITED AS AUTHORITY IN ANY COURTS OF THE COMMONWEALTH OF KENTUCKY." [R. 55, Exhibit A.] It goes without saying that this Federal District Court is not a Court of the Commonwealth of Kentucky. As such, this prohibition does not explicitly forbade this Court

7

from considering *Riggs*. As further evidence of *Riggs'* lack of finality, State Farm directs the Court to the Kentucky Rules of Civil Procedure which provide that "[a]n opinion of the Court of Appeals becomes final on the 31st day after the date of its rendition unless a petition under Rule 76.32 or a motion for review under Rule 76.20 has been timely filed or an extension of time has been granted for one of those purposes." Ky. CR 76.30. In *Riggs*, a petition for review has been filed and, thus, the Supreme Court prohibits its publication pending the final resolution of the case. Ky. CR 76.28. State Farm argues "there can be no precedential value to a holding that is still being considered." *State Farm Ins. Co. v. Edwards,* 339 S.W.3d 465, 458 (Ky. 2011).

While State Farm concedes that this Court is not bound to Kentucky's procedural rules, they argue that the reasoning behind Kentucky's policy still necessitates that the Court not consider a case in appellate limbo. Hill, on the other hand, asks the Court to reconsider its Summary Judgment Order as the Kentucky Court of Appeals has changed the law by explicitly rejecting *Pike.* Hill suggests that when a trial court is confronted with unsettled issues of substantive law, it is the duty of the trial court to interpret a state's approach. Hill refers to the Sixth Circuit for support:

> [i]f the issue has not been directly addressed, we must "anticipate how the relevant state's highest court would rule in the case and are bound by controlling decisions of that court." *In re Dow Corning Corp.,* 419 F.3d 543, 549 (6th Cir.2005). "Intermediate state appellate courts' decisions are also viewed as persuasive unless it is shown that the state's highest court would decide the issue differently." *Id*

*Savedoff v. Access Grp., Inc*., 524 F.3d 754, 762 (6th Cir. 2008). The role of a federal court in a diversity of citizenship case, "is to make [the] best prediction, even in the absence of direct state court precedent, of what the Kentucky Supreme Court would do if it were confronted with this question." *Managed Health Care Associates, Inc. v. Kethan*, 209 F.3d. 923, 927 (6th Cir. 2000) (quoting *Welsh v. United* States, 844 F.2d 1239, 1245 (6th Cir. 1988).

Hill would like to see the Court alter its decision on the basis of a prediction about the Kentucky Supreme Court's possible future holding in *Riggs*. It is obvious why this sort of judicial fortune telling is problematic. On the other hand, with the Court of Appeal's recent decision it is unclear if this Court's grant of Summary Judgment is still correct. While the Court appreciates the predictive approach outlined by the Sixth Circuit in *Managed Health Care Associates, Inc*, the Court need not engage in such speculative analysis in this case because *Riggs* is before the Kentucky Supreme Court and the issue will be addressed by that Court in the near future.

For the aforementioned reasons, this case will be held in abeyance pending the Kentucky Supreme Court's decision in *Riggs*. After the Kentucky Supreme Court has decided *Riggs*, the parties are invited to supplement the record with appropriate motions on this issue.

**III**

The Court did not err by not considering Hill's amended complaint for purposes of meeting the time limitation. Hill also failed to show error in the Court's evaluation of when his Counsel and the Defendant first spoke of the UIM limitation provision. Neither of these arguments merit relief. Hill has presented, however, evidence of the possibility of "an intervening change in controlling law." *Culver v. CCL Label, Inc.*, 455 Fed.Appx. 625, 631 (6th Cir. 2012) (quoting *Intera Corp. v. Henderson,* 428 F.3d 605, 620 (6th Cir. 2005)). After the decision in *Riggs* is rendered, Hill may renew his Fed. R. Civ. P. (Rule) 59 motion on the basis of a change in intervening law, if appropriate. It should be noted that an argument about the lack of timeliness of that motion, except in an exceptional circumstance, will not be well-received.

Accordingly, and the Court being sufficient advised, it is **HEREBY ORDERED** that:

1.  Hill's Motion to Alter, Amend or Vacate Judgment [R. 51] is **DENIED** in part and **GRANTED** in part as is consistent with this Order;

2.  Hill's Motion for Leave to Supplement Authority [R. 54] is **GRANTED**;

3.  This case is held in **ABEYANCE** pending the Kentucky Supreme Court's decision in *Riggs*. After the Kentucky Supreme Court has heard the *Riggs* appeal, parties are **INVITED** to supplement the record with appropriate motions.

This 22nd day of January, 2014.

Signed By:

*Gregory F. Van Tatenhove*

United States District Judge